[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR95-0472564.
Michael Isko, Esq., Defense Counsel, for Petitioner.
George Ferko, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner, then 20 years of age, entered guilty pleas and was sentenced as follows:
Attempted Murder 19 years Reckless Endangerment, 1st degree 1 year concurrent Criminal Mischief, 3rd degree 6 months concurrent Assault 3rd degree 1 year concurrent CT Page 6002 Assault 3rd degree 1 year concurrent Bribery of a Witness 5 years concurrent Tampering with a Witness 5 years concurrent
The total effective sentence was 19 years.
The sentence imposed was a Court indicated sentence with the right to argue, although the Court had advised the petitioner it was unlikely to impose a much lesser sentence if at all.
The attempted murder and reckless endangerment came about as the result of a verbal argument between the petitioner and the victim in the victim's apartment. After leaving the apartment Cox called the victim to come outside to finish their talk. When the victim did so, and while he was walking toward Cox, Cox fired 4 bullets into him; two in the back and two in his right leg. At least one shot was fired into the victim as he crawled under a car for protection.
Less than 3 weeks later, Cox punched a female victim in the face during a domestic dispute causing a laceration to her nose, which resulted in the assault, 3rd degree.
The criminal mischief occurred when the petitioner broke windows in the victim's vehicle after she told him not to sell drugs outside her place of business.
The 2nd assault 3rd degree count was also the result of a domestic dispute wherein he struck the victim and burned her stomach with a hot iron.
The bribery and witness tampering counts resulted from a letter he sent to a witness of the shooting incident offering to pay the witness if she took the 5th Amendment and asking her to convey the same offer to the victim of the shooting.
Petitioner's counsel argues that the positive things about the petitioner were not sufficiently considered by the sentencing judge including high marks from his employer and that as a youngster he was exposed to violence by his stepfather. He suggests that he is basically a good person who did some foolish things and that a split sentence would be more appropriate.
The State's Attorney argues that the sentence was not at all unfair and points out that the major crime of attempted murder CT Page 6003 has a legitimate factual basis.
It is also of note that Cox was on probation at the time for an assault 2nd degree conviction with 4 years hanging over his head. That probation was terminated at his sentencing in these cases.
The Review Division can only reduce a sentence if it is disproportionate or unreasonable when reviewed pursuant to Practice Book § 43-28.
The petitioner exhibits a pattern of explosively violent behavior culminating in the attempted murder of an unarmed man. He then exacerbates that by attempting to bribe witness into refusing to testify.
Under the circumstances of this case the sentence is proportionate and reasonable. It is affirmed.
Kalaczak, Norko and Iannotti, J.s, participated in this decision.